FORM 104 (10/06)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (For Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>Marcal Paper Mills, Inc., by and through the Official Committee of Unsecured Creditors of Marcal Paper Mills, Inc. | **DEFENDANTS**<br>RAK Express, Inc. |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Lowenstein Sandler PC<br>65 Livingston Avenue<br>Roseland, NJ 07068<br>973-597-2500 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>[ ] Debtor  [ ] U.S. Trustee/Bankruptcy Admin<br>[ ] Creditor  [X] Other<br>[ ] Trustee | **PARTY** (Check One Box Only)<br>[ ] Debtor  [ ] U.S. Trustee/Bankruptcy Admin<br>[X] Creditor  [ ] Other<br>[ ] Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUES INVOLVED)
Recovery of preferential and fraudulent transfers and disallowance of proof of claim pursuant to 11 U.S.C. Sections 547, 548, 550 and 502(d)

**NATURE OF SUIT**
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) - Recovery of Money/Property**
[ ] 11-Recovery of money/property - §542 turnover of property
[X] 12-Recovery of money/property - §547 preference
[X] 13-Recovery of money/property - §548 fraudulent transfer
[ ] 14-Recovery of money/property - other

**FRBP 7001(2) - Validity, Priority or Extent of Lien**
[ ] 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) - Approval of Sale of Property**
[ ] 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) - Objection/Revocation of Discharge**
[ ] 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) - Revocation of Confirmation**
[ ] 51-Revocation of confirmation

**FRBP 7001(6) - Dischargeability**
[ ] 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
[ ] 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
[ ] 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny
(continued next column)

**FRBP 7001(6) - Dischargeability (continued)**
[ ] 61-Dischargeability - §523(a)(5), domestic support
[ ] 68-Dischargeability - §523(a)(6), willful and malicious injury
[ ] 63-Dischargeability - §523(a)(8), student loan
[ ] 64-Dischargeability - §523(a)(15), divorce/sep property settlement/decree
[ ] 65-Dischargeability - other

**FRBP 7001(7) - Injunctive Relief**
[ ] 71-Injunctive relief - reinstatement of stay
[ ] 72-Injunctive relief - other

**FRBP 7001(8) Subordination of Claim or Interest**
[ ] 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
[ ] 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
[ ] 01-Determination of removed claim or cause

**Other**
[ ] SS-SIPA Case - 15 U.S.C. §§78aaa et.seq.
[ ] 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| [ ] Check if this case involves a substantive issue of state law | [ ] Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| [ ] Check if a jury trial is demanded in complaint | Demand  $25,820.69 |
| Other Relief Sought | |

19730/3
11/23/2008 2269511.01

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | | |
|---|---|---|---|
| NAME OF DEBTOR<br>Marcal Paper Mills, Inc. | | BANKRUPTCY CASE NO.<br>06-21886 (MS) | |
| DISTRICT IN WHICH CASE IS PENDING<br>New Jersey | DIVISIONAL OFFICE<br>Newark | NAME OF JUDGE<br>Honorable Morris Stern | |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. | |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISIONAL OFFICE | NAME OF JUDGE | |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br>/s/ Michael Savetsky | | | |
| DATE<br>November 24, 2008 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Michael Savetsky, Esq. | | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also complete and file Form 104, the Adversary Proceeding Cover Sheet, if it is required by the court. In some courts, the cover sheet is not required when the adversary proceeding is filed electronically through the court's Case Management/Electronic Case Files (CM/ECF) system. (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of the court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Parties**. Give the names of the parties to the adversary proceeding exactly as they appear on the complaint. Give the names and addresses of the attorneys if known.

**Signature**. This cover sheet must be signed by the attorney of record in the box on the second page of the form. if the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

-2-

LOWENSTEIN SANDLER PC
Mary E. Seymour, Esq. (MS 3950)
Michael Savetsky, Esq. (MS 5692)
65 Livingston Avenue
Roseland, New Jersey 07068
(973) 597-2500
(973) 597-2400 (fax)

*Counsel to the Official Committee
of Unsecured Creditors*

### UNITED STATES BANKRUPTCY COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re: | Chapter 11 |
| Marcal Paper Mills, Inc., | Case No. 06-21886 (MS) |
| Debtor. | Hon. Morris Stern, U.S.B.J. |
| Marcal Paper Mills, Inc., by and through the Official Committee of Unsecured Creditors of Marcal Paper Mills, Inc. | Adv. Pro. No. |
| Plaintiff, | |
| vs. | |
| RAK Express, Inc., | |
| Defendant. | |

### ADVERSARY COMPLAINT TO AVOID AND RECOVER PREFERENTIAL AND FRAUDULENT TRANSFERS AND TO DISALLOW CLAIMS PURSUANT TO 11 U.S.C. SECTIONS 547, 548, 550 AND 502(d) AND BANKRUPTCY RULES 3007, 7001 AND 7008

Marcal Paper Mills, Inc. (the "Debtor"), by and through the Official Committee of

Unsecured Creditors of Marcal Paper Mills, Inc. (the "Committee" or "Plaintiff"), as and for its

Complaint to avoid certain transfers made by the Debtor to or for the benefit of RAK Express, Inc. (the "Defendant"), hereby alleges upon information and belief as follows:

## INTRODUCTION AND PARTIES

1. On November 30, 2006 (the "Petition Date"), the Debtor filed a voluntary petition for relief pursuant to Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court").

2. On December 19, 2006, the Office of the United States Trustee for the District of New Jersey appointed the Committee.

3. On October 27, 2008, the Debtor filed its Third Amended Plan of Liquidation Under Chapter 11 of the Bankruptcy Code (the "Plan"), which provides, among other things, for the creation of a claims trust pursuant to a trust agreement (the "Claims Trust") and the appointment of a liquidating trustee (the "Claims Trustee") at or prior to confirmation of the Plan. The Claims Trustee will be authorized to prosecute any and all claims and causes of action of the Debtor, including, but not limited to, Avoidance Actions.

4. On November 13, 2008, the Bankruptcy Court entered that certain Stipulation and Order Conferring Standing and Directing that the Official Committee of Unsecured Creditors and/or a Claims Trust Shall Have the Sole Authority to Bring and Pursue Certain Causes of Action Belonging to the Debtor's Estate [Docket No. 2136], which granted the Committee and/or the Claims Trust standing and the authority to pursue any and all claims and causes of action of the Debtor, including, but not limited to, the causes of action asserted in this Complaint.

5. The Committee anticipates that upon the effective date of the Plan, the Claims Trustee will be substituted in as the plaintiff in this Complaint.

6. Upon information and belief, the Defendant is a corporation, partnership, governmental unit, individual, or entity, who transacted business in the United States with the Debtor and who received one or more transfers from the Debtor.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over the parties and the subject matter of this proceeding pursuant to 28 U.S.C. §§ 157 and 1334.

8. This action is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

9. Venue of this action is proper in this District pursuant to 28 U.S.C. § 1409(a).

10. The statutory bases for the relief requested in this Complaint are 11 U.S.C. §§ 547, 548, 550 and 502(d) and Rules 3007, 7001 and 7008 of the Federal Rules of Bankruptcy Procedure.

## GENERAL ALLEGATIONS

11. On or within 90 days before the Petition Date, the Debtor made one or more transfers of an interest in the Debtor's property totaling not less than $25,820.69, as set forth on Exhibit A attached hereto, consisting of payment(s) to or for the benefit of Defendant, on the dates and in the amounts set forth on Exhibit A.

12. Exhibit A reflects Plaintiff's current knowledge of the transfers made to the Defendant on or within 90 days before the Petition Date. During the course of this proceeding, Plaintiff may learn (through discovery or otherwise) of additional transfers made to Defendant on or within 90 days before the Petition Date. Plaintiff's intention is to avoid and recover all such transfers, whether such transfers presently are reflected in Exhibit A or not. All transfers made by the Debtor of an interest of the Debtor in property to or for the benefit of Defendant on or within 90 days before the Petition Date (whether such transfers presently are reflected in Exhibit A or not) are collectively referred to herein as the "Transfers."

13. Plaintiff reserves the right to amend this Complaint so as to include further information on the Transfers, additional Transfers, Fraudulent Transfers, revision of Defendant's name, additional defendants, and/or additional causes of action including, but not limited to, those pursuant to 11 U.S.C. §§ 542, 544, 545, 547, 548 and 549 (collectively, the

"Amendments"), that may become known to Plaintiff at any time during this adversary proceeding, through formal discovery or otherwise, and for the Amendments to relate back to this Complaint.

## COUNT I

(Avoidance of Preferential Transfers -- 11 U.S.C. § 547)

14. Plaintiff repeats and realleges each and every allegation set forth in Paragraphs 1 through 17 as if fully set forth herein.

15. The Transfer(s) was/were transfers of property, or an interest in property, of the Debtor.

16. At all relevant times, Defendant was a creditor of the Debtor as defined by 11 U.S.C. § 101(10).

17. The Transfer(s) was/were made by the Debtor to or for the benefit of Defendant.

18. The Transfer(s) was/were made for or on account of an antecedent debt owed by the Debtor to Defendant before the Transfer(s) was/were made.

19. The Transfer(s) was/were made while the Debtor was insolvent.

20. The Transfer(s) was/were made on or within 90 days before the Petition Date.

21. The Transfer(s) enabled the Defendant to receive more than Defendant would have received if: (a) the Transfer(s) had not been made; (b) the Debtor's chapter 11 case was a case under chapter 7 of the Bankruptcy Code; and (c) the Defendant had received payment of its debt to the extent provided by the provisions of the Bankruptcy Code.

22. Each of the Transfer(s) are avoidable pursuant to 11 U.S.C. § 547.

## COUNT II

(Avoidance of Fraudulent Transfers -- 11 U.S.C. § 548)

23. Plaintiff repeats and realleges each and every allegation set forth in the preceding

paragraphs of this complaint as if fully set forth herein.

24. To the extent that one or more of the Transfers were not on account of an antecedent debt or a prepayment for goods subsequently received, the Debtor did not receive a reasonably equivalent value in exchange for such Transfer(s) (the "Fraudulent Transfers").

25. Pursuant to 11 U.S.C. § 548(a)(1), a "trustee may avoid any transfer of an interest of the debtor in property, or any obligation incurred by the debtor, that was made or incurred on or within one year before the date of the filing of the petition, if the debtor voluntarily or involuntarily-

(B)(i) received less the a reasonably equivalent in exchange for such transfer or obligation; and

  (ii)(I) was insolvent on the date the such transfer was made or such obligation was incurred, or became insolvent as a result of such transfer or obligation;
  (II) was engaged in business or a transaction, or was about to engage in business or transaction, for which any property remaining with the debtor was an unreasonably small capital; or
  (III) intended to incur, or believed that the debtor would incur, debts that would be beyond the debtor's ability to pay as such debts matured."

26. In accordance with the foregoing, the Fraudulent Transfers are avoidable pursuant to 11 U.S.C. § 548(a)(1)(B).

## COUNT III

(Recovery of Property -- 11 U.S.C. § 550)

27. Plaintiff repeats and realleges each and every allegation set forth in the preceding paragraphs of this Complaint as if fully set forth herein.

28. Defendant was (i) the initial transferee of the Transfer(s) and/or the Fraudulent Transfers, (ii) the immediate or mediate transferee of the Transfer(s) and/or the Fraudulent

Transfers, or (iii) the entity for whose benefit the Transfer(s) and/or the Fraudulent Transfers was/were made.

29. Plaintiff is entitled to avoid the Transfer(s) described above pursuant to 11 U.S.C. § 547.

30. Plaintiff is entitled to avoid the Fraudulent Transfers described above pursuant to 11 U.S.C. § 548.

31. Pursuant to 11 U.S.C. § 550(a), Plaintiff is entitled to recover from Defendant an amount, to be determined at trial, that is not less than the sum of the Transfer(s) and/or the Fraudulent Transfers, plus interest and the costs of this action.

## COUNT IV

(Disallowance of Claims -- 11 U.S.C. § 502(d))

32. Plaintiff repeats and realleges each and every allegation set forth in the preceding paragraphs of this Complaint as if fully set forth herein.

33. Defendant is the transferee of a Transfer(s) by the Debtor avoidable under 11 U.S.C. § 547 and/or Fraudulent Transfers avoidable under 11 U.S.C. § 548, which are recoverable from the Defendant under 11 U.S.C. § 550. Pursuant to 11 U.S.C. § 502(d), in the event that Defendant is liable for any avoidable Transfer(s) under 11 U.S.C. § 547 and/or any avoidable Fraudulent Transfers under 11 U.S.C. § 548, any claims held by Defendant against the Debtor must be disallowed unless Defendant pays the amount of the Transfer(s) and/or Fraudulent Transfers.

## COUNT V

(Attorneys' fees -- Fed. R. Bankr. P. 7008(b))

34. Plaintiff repeats and realleges each and every allegation set forth in the preceding paragraphs of this complaint as if fully set forth herein.

35. By reason of the foregoing and pursuant to Fed. R. Bankr. P. 7008, Plaintiff is

entitled to recover its reasonable attorneys' fees and costs of collection.

**WHEREFORE**, Plaintiff requests the entry of a judgment against Defendant as follows:

(a) Avoiding the aforementioned Transfer(s) as a preference under 11 U.S.C. § 547;

(b) Avoiding the aforementioned Fraudulent Transfers under 11 U.S.C. § 548;

(c) Granting judgment in favor of Plaintiff pursuant to 11 U.S.C. § 550 in the amount of $25,820.69, plus such other and further amounts as may be proven at trial, pre-judgment interest and costs;

(d) For disallowance of Defendant's claim or claims against the Debtor pursuant to 11 U.S.C. § 502(d), unless the amount of any judgment for avoidance of Transfer(s) and Fraudulent Transfers is paid in full to the Plaintiff;

(e) Awarding Plaintiff reasonable attorneys' fees and costs of collection; and

(f) Granting Plaintiff such other and further relief as the Court deems just and equitable.

Dated:  November 24, 2008

/s/ Michael Savetsky
**LOWENSTEIN SANDLER PC**
Mary E. Seymour, Esq. (MS 3950)
Michael Savetsky, Esq. (MS 5692)
65 Livingston Avenue
Roseland, New Jersey 07068
(973) 597-2500
(973) 597-2400 (fax)

*Counsel to the Official Committee of Unsecured Creditors*

# EXHIBIT A

# EXHIBIT A

**MARCAL PAPER MILLS, INC.**
Case No. 06-21886 (MS)

## Rak Express, Inc.

| Payment or Check Number | Payment Type | Check Date | Clear Date | Payment Amount |
|---|---|---|---|---|
| 253355 | check | 9/8/2006 | 9/13/2006 | $3,310.76 |
| 253619 | check | 9/13/2006 | 9/18/2006 | $4,408.00 |
| 254078 | check | 9/21/2006 | 9/26/2006 | $2,170.38 |
| 254326 | check | 9/26/2006 | 10/2/2006 | $1,111.50 |
| 254695 | check | 10/4/2006 | 10/6/2006 | $2,223.00 |
| 255054 | check | 10/11/2006 | 10/16/2006 | $2,223.00 |
| 255399 | check | 10/18/2006 | 10/20/2006 | $3,802.39 |
| 256196 | check | 11/2/2006 | 11/7/2006 | $2,757.38 |
| 256549 | check | 11/9/2006 | 11/15/2006 | $2,182.64 |
| 256875 | check | 11/16/2006 | 11/21/2006 | $1,631.64 |
| | | | TOTAL: | $25,820.69 |